UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE WARD, an individual; and RACHELLE WARD, an individual;<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF BENTON, an entity; CHILD PROTECTION SERVICES, an entity; CHILD WELFARE SERVICES, an entity; CHILDREN'S ADMINISTRATION, an entity; SEATTLE CHILDREN'S HOSPITAL, an entity; CHILDREN'S PROTECTION PROGRAM, an entity; PROTECTION PROGRAM SCAN TEAM, an entity; DEPARTMENT OF CHILD, YOUTH, AND FAMILY, an entity; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, an entity; CITY OF SEATTLE, an entity; SEATTLE POLICE DEPARTMENT, an entity; CITY OF RICHLAND, an entity; ANA BROWN, an individual; ERIC CHOW, an individual; MARCO DEOCHOA, an individual; JENNIFER GOURLEY, an individual; KEVIN SHARP-SMITH, an individual; SHANNON SULLIVAN, an individual; DAMON JANSEN, an individual and official capacity; HONORABLE JERRI POTTS, individual and official capacity; KATHY LUND, an individual; LESLIE SMITH, individual | No. 4:19-cv-05014-SMJ<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT** |

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

| | |
|---|---|
| 1 | and official capacity; LAUREN TRUSCOTT, individual and official |
| 2 | capacity; REBECCA WIESTER, individual and official capacity; ROSS |
| 3 | HUNTER, official capacity; JODY BECKER, individual capacity; |
| 4 | JENNIFER STRUS, individual capacity; and DOES 1–100 |
| 5 | INCLUSIVE; |
| 6 | Defendants. |

Before the Court, without oral argument, is Plaintiff Duane and Rachelle Ward's construed motion for leave to file a second amended complaint, ECF No. 21. Upon filing the received proposed second amended complaint, the Court permitted Defendants to file objections to Plaintiffs' motion for leave. Defendants Seattle Children's Hospital, Ana N. Brown, Eric Chow, and Rebecca Wiester jointly request that the motion be denied as it pertains to any claims against them specifically. ECF No. 35. No other Defendants oppose the motion. Having reviewed the responses and the file in this matter, the Court is fully informed and grants the motion.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[A] party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*,

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT **-** 2

893 F.2d 1074, 1079 (9th Cir. 1990)).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the case is still in its early stages; the Court has not yet held a scheduling conference[1] or issued a scheduling order. There does not appear to be any bad faith or dilatory motive on Plaintiffs' part, nor would there be undue prejudice to Defendants. While Defendants Seattle Children's Hospital, Ana N. Brown, Eric Chow, and Rebecca Wiester argue that amendment will be futile as it pertains to them, the Court shall not entertain a piecemeal amendment of the complaint, nor will it delve deeply into the merits of the existing claims at this time. Thus, the Court freely gives leave to amend, although Plaintiffs are cautioned that future motions to amend will be strictly scrutinized for the exercise of due diligence.

Accordingly, **IT IS HEREBY ORDERED**:

---

[1] The Court will not hold a scheduling conference in this matter until all responsive pleadings have been filed or resolved.

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT - 3

1. Plaintiff's construed motion for leave to file a second amended complaint, **ECF No. 21**, is **GRANTED**.

2. The Clerk's Office is **DIRECTED** to **RE-FILE** the proposed second amended complaint, originally filed at ECF No. 21.

3. The Clerk's Office may issue summonses relating to the second amended complaint.

4. The Clerk's Office is **DIRECTED** to **AMEND** the caption as listed on the first page of this Order.

5. An amended complaint supersedes the original complaint in its entirety, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990), which renders a motion to dismiss moot, *Williamson v. Sacramento Mortg., Inc.*, No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011). Accordingly, the Court **DENIES AS MOOT** the pending motions to dismiss, **ECF Nos. 7, 9, & 16**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of June 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT - 4