FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE WARD, an individual; and RACHELLE WARD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BENTON, an entity; CHILD PROTECTION SERVICES, an entity; CHILD WELFARE SERVICES, an entity; CHILDREN'S ADMINISTRATION, an entity; SEATTLE CHILDREN'S HOSPITAL, an entity; CHILDREN'S PROTECTION PROGRAM, an entity; PROTECTION PROGRAM SCAN TEAM, an entity; DEPARTMENT OF CHILD, YOUTH, AND FAMILY, an entity; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, an entity; CITY OF SEATTLE, an entity; SEATTLE POLICE DEPARTMENT, an entity; CITY OF RICHLAND, an entity; ANA BROWN, an individual; ERIC CHOW, an individual; MARCO DEOCHOA, an individual; JENNIFER GOURLEY, an individual; KEVIN SHARP-SMITH, an individual; SHANNON SULLIVAN, an individual; DAMON JANSEN, an individual and official capacity; HONORABLE JERRI POTTS, individual and official | No. 4:19-cv-05014-SMJ<br><br>**ORDER GRANTING DEFENDANTS COUNTY OF BENTON AND THE HONORABLE JERRI POTTS'S MOTION TO DISMISS CLAIMS** |

ORDER GRANTING DEFENDANTS COUNTY OF BENTON AND THE
HONORABLE JERRI POTTS'S MOTION TO DISMISS CLAIMS **- 1**

capacity; KATHY LUND, an individual; LESLIE SMITH, individual and official capacity; LAUREN TRUSCOTT, individual and official capacity; REBECCA WIESTER, individual and official capacity; ROSS HUNTER, official capacity; JODY BECKER, individual capacity; JENNIFER STRUS, individual capacity; and DOES 1–100 INCLUSIVE;

                       Defendants.

Before the Court, without oral argument, is Defendants County of Benton and the Honorable Jerri Potts's motion to dismiss the 42 U.S.C. § 1983 claims brought against them by *pro se* Plaintiffs Duane and Rachelle Ward, ECF No. 51. Having reviewed the briefing and the file in this matter, the Court is fully informed and grants the motion.

In their Second Amended Complaint, the Wards seek damages and injunctive relief against both Benton County, Washington and Commissioner Potts of the Benton County Superior Court. ECF No. 43 at 79. Benton County and Commissioner Potts move to dismiss the Wards' claims against them under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, 12(b)(5). ECF No. 51 at 2.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6),

ORDER GRANTING DEFENDANTS COUNTY OF BENTON AND THE HONORABLE JERRI POTTS'S MOTION TO DISMISS CLAIMS **-** 2

the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." A complaint is subject to dismissal under Rule 12(b)(6) if it either fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While a complaint need not contain detailed factual allegations, unadorned accusations of unlawful harm, naked assertions of wrongdoing, labels and conclusions, and formulaic or threadbare recitals of a cause of action's elements, supported only by mere conclusory statements, are not enough. *Id.*

The Court may grant a Rule 12(b)(6) motion where a complaint's allegations, on their face, suffice to establish an affirmative defense. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the

light most favorable to the plaintiff and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in a complaint. *Iqbal*, 556 U.S. at 678. But the Court may disregard legal conclusions couched as factual allegations. *See id.*

Additionally, in deciding a Rule 12(b)(6) motion, the Court construes a *pro se* complaint liberally and may dismiss it only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). But a liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that the plaintiff did not initially plead. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

**A.    Judicial immunity**

Benton County and Commissioner Potts argue they are entitled to absolute immunity from liability for damages and injunctive relief. ECF No. 51 at 8–15.

Under the common law applicable in a § 1983 action, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Additionally, § 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

\\waed.circ9.dcn\Data\SMJ\Civil\2019\Ward et al v. Benton County et al-5014\Order Granting Defendants Benton County and Jerri Potts' Motion to Dismiss Claims.docx

ORDER GRANTING DEFENDANTS COUNTY OF BENTON AND THE HONORABLE JERRI POTTS'S MOTION TO DISMISS CLAIMS **-** 4

violated or declaratory relief was unavailable."[1]

Washington state superior court commissioners are appointed by Washington state superior court judges to perform local judicial functions. *See* Wash. Rev. Code ("RCW") §§ 2.24.010(1), .020, .040; *see also* Benton/Franklin Cty. Super. Ct. L. Civ. R. 53.2. Such commissioners "have power, authority, and jurisdiction, concurrent with the superior court and the judge thereof, . . . [t]o hear and determine all complaints for the commitments of minors with all powers conferred upon the superior court in such matters. RCW 2.24.040(8). Moreover, such commissioners may "hear and determine ex parte . . . civil matters of any nature" and "issue temporary restraining orders and temporary injunctions." RCW 2.24.040(3), (9).

Washington state superior court commissioners "perform[] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993) (internal quotation marks omitted). Thus, judicial immunity extends to such commissioners "because their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function."

---

[1] "Section 1983 (as amended by the [Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853]) therefore provides judicial officers immunity from injunctive relief even when the common law would not." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018), *cert. denied sub nom. Johanknecht v. Moore*, 139 S. Ct. 2615 (2019).

ORDER GRANTING DEFENDANTS COUNTY OF BENTON AND THE HONORABLE JERRI POTTS'S MOTION TO DISMISS CLAIMS **-** 5

*Id.* at 436 (alterations in original) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)); *cf. Tanner v. Heise*, 879 F.2d 572, 576–78 (9th Cir. 1989) (extending judicial immunity to a state court magistrate); *Ryan v. Bilby*, 764 F.2d 1325, 1328 & n.4 (9th Cir. 1985) (extending judicial immunity to a federal court magistrate); *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1158–59 (9th Cir. 1987) (extending judicial immunity to a state court mediator of child custody and visitation disputes); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454–55 (9th Cir. 1993) (extending judicial immunity to a federal court special master).

However, judicial immunity does not apply to (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Regarding the first exception to judicial immunity, whether an action is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (alteration in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)); *see also Ashelman*, 793 F.2d at 1075–76 (identifying relevant factors as including "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events

at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.").

Regarding the second exception to judicial immunity, a complete absence of all jurisdiction "means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987); *see also Stump*, 435 U.S. at 357 n.7 (illustrating that "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.").

The Wards allege that, "[a]t all times mention[ed in the Second Amended Complaint], Commissioner POTTS was performing and carrying out her official duties at BENTON COUNTY JUVENILE COURT, a division of BENTON COUNTY SUPERIOR COURT." ECF No. 43 at 8. The Wards claim Commissioner Potts violated their due process rights by "not upholding the machinery of the court." ECF No. 63 at 9; *see also* ECF No. 43 at 31–37, 61–62. They complain of numerous perceived "judicial errors." ECF No. 43 at 32; ECF No. 63 at 9–12. Most notably, the Wards claim Commissioner Potts coerced them to seek a protection order, requiring them to commit perjury in order to do so. ECF

No. 63 at 6. Thus, they argue, "[r]equiring a parent to break the law in order to get their child back, cannot be included in Judicial Immunity." *Id.* But judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Mireles*, 502 U.S. at 11 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Further, "[a] judge is not deprived of immunity because he takes actions which are in error . . . or are in excess of his authority." *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Stump*, 435 U.S. at 355–56).

It appears on the face of the Second Amended Complaint that the Wards seek to hold Commissioner Potts liable solely for official actions she took in her judicial capacity. The Wards do not allege any nonjudicial actions or judicial actions taken in the complete absence of all jurisdiction, or any violations of declaratory decrees or the unavailability of declaratory relief.[2] Thus, the Second Amended Complaint suffices to establish that Commissioner Potts is entitled to absolute immunity from liability for damages and injunctive relief. Therefore, the Court dismisses the Wards' claim against Commissioner Potts.

---

[2] *See Hupp v. Solera Oak Valley Greens Ass'n*, 708 F. App'x 347, 349 (9th Cir. 2017) (concluding the district court properly dismissed claims for injunctive relief against judicial officers because the plaintiffs "failed to allege that 'a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)); *Marciano v. White*, 431 F. App'x 611, 612 (9th Cir. 2011) (noting the plaintiff failed to state a claim for injunctive relief against a judicial officer where he "d[id] not claim that a declaratory decree was violated nor [wa]s there any indication that declaratory relief [wa]s unavailable." (citing 42 U.S.C. § 1983)).

Dismissing the Wards' claim against Commissioner Potts effectively dismisses their claim against Benton County. *See Coyle v. Baker*, No. CV-12-0601-LRS, 2013 WL 3817427, at *1 (E.D. Wash. July 22, 2013). This is so because Benton County is neither vicariously nor independently liable for official actions Commissioner Potts took in her judicial capacity. *See id.* The same public policy requiring immunity for a judge requires immunity for a county in which he or she serves. *See id.*

Moreover, the Wards do not allege, nor does the record contain, any facts that could trigger Benton County's municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986); *Eggar v. City of Livingston*, 40 F.3d 312, 314–16 (9th Cir. 1994). Therefore, the Court dismiss the Wards' claim against Benton County. *See Lopez*, 203 F.3d at 1130–31.

The Court dismisses these claims with prejudice because it appears beyond doubt that the Wards can prove no set of facts entitling them to damages or injunctive relief against Benton County or Commissioner Potts. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). Allowing them to replead a third time would be futile. *See McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996).

//

//

**B.     Improper service**

Alternatively, Benton County and Commissioner Potts move to dismiss the Wards' claim against them for insufficient service of process. ECF No. 51 at 2. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, the Wards have made no attempt to establish that they properly served Benton County. ECF No. 63 at 12–13. And the Wards fail to establish that they properly served Commissioner Potts because they present no evidence showing the person they served was authorized to accept service. *See id.*; ECF No. 67 at 6–7; *see also* ECF No. 7-3 at 1–2; ECF No. 20-1 at 1. On this second, independent basis, the Court dismisses the Wards' claims against Benton County and Commissioner Potts.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Benton County and Jerri Potts' Second Motion to Dismiss Under CR 12(b)(6) and CR 12(b)(5), **ECF No. 51**, is **GRANTED**.

2. All claims against Defendants County of Benton and the Honorable Jerri Potts are **DISMISSED WITH PREJUDICE**, with all parties to bear their own fees, costs, and expenses.

3. The Clerk's Office is directed to enter **JUDGMENT** in favor of Defendants County of Benton and the Honorable Jerri Potts.

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of September 2019.

```
                    _____
                         SALVADOR MENDOZA, JR.
                         United States District Judge
```