FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE WARD, an individual; and RACHELLE WARD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BENTON, an entity; CHILD PROTECTION SERVICES, an entity; CHILD WELFARE SERVICES, an entity; CHILDREN'S ADMINISTRATION, an entity; SEATTLE CHILDREN'S HOSPITAL, an entity; CHILDREN'S PROTECTION PROGRAM, an entity; PROTECTION PROGRAM SCAN TEAM, an entity; DEPARTMENT OF CHILD, YOUTH, AND FAMILY, an entity; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, an entity; CITY OF SEATTLE, an entity; SEATTLE POLICE DEPARTMENT, an entity; CITY OF RICHLAND, an entity; ANA BROWN, an individual; ERIC CHOW, an individual; MARCO DEOCHOA, an individual; JENNIFER GOURLEY, an individual; KEVIN SHARP-SMITH, an individual; SHANNON SULLIVAN, an individual; DAMON JANSEN, an individual and official capacity; HONORABLE JERRI POTTS, individual and official | No. 4:19-cv-05014-SMJ<br><br>**ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO DISMISS** |

ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS
AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO
DISMISS – 1

| | |
|---|---|
| 1 | capacity; KATHY LUND, an individual; LESLIE SMITH, individual |
| 2 | and official capacity; LAUREN TRUSCOTT, individual and official |
| 3 | capacity; REBECCA WIESTER, individual and official capacity; ROSS |
| 4 | HUNTER, official capacity; JODY BECKER, individual capacity; |
| 5 | JENNIFER STRUS, individual capacity; and DOES 1–100 |
| 6 | INCLUSIVE; |
| 7 | Defendants. |

Before the Court, without oral argument, are the Joint Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants Seattle Children's Hospital, Ana Brown, Eric Chow, M.D., Kelly Faucette, M.D., and Rebecca Weister, M.D. (collectively, the "Hospital Defendants"), ECF No. 52, and the Motion to Dismiss by Defendants City of Seattle, Seattle Police Department, Leslie Smith and Lauren Truscott (collectively, the "Seattle City Defendants"), ECF No. 73. Defendants move to dismiss *pro se* Plaintiffs Duane and Rachelle Ward's 42 U.S.C. § 1983 claims on the grounds that the claims are barred by the statute of limitations and fail to state a claim on which relief may be granted. Having reviewed the briefing and the file in this matter, the Court is fully informed and grants the Hospital Defendants' motion in full and the Seattle City Defendants' motion in part.

ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO DISMISS – 2

## BACKGROUND

Plaintiffs filed this action on January 25, 2019, seeking damages and unspecified injunctive relief for alleged violations of their constitutional rights by twelve named and thirty unnamed Defendants. ECF No. 1. On April 18, 2019, before any Defendant appeared in this action, Plaintiffs filed a First Amended Complaint removing some Defendants and naming additional Defendants. ECF No. 2. Motions to dismiss were filed by Defendants Seattle Children's Hospital and its Children's Protection Program and Protection Program Scan Team, Ana Brown, Eric Chow, M.D., and Rebecca Weister, M.D., *see* ECF No. 7; the County of Benton and the Honorable Jerri Potts of the Benton County Superior Court, *see* ECF No. 9; and Washington Child Protective Services, Child Welfare Services, Children's Administration, Department of Children, Youth, and Families, Department of Social and Health Services, Marco De Ochoa, Jennifer Gourley, Kathy Lund, and Department of Children and Family Services filed a motion to dismiss, *see* ECF No. 16. Plaintiffs were granted leave to file a Second Amended Complaint and the motions to dismiss were denied as moot. ECF No. 41.

On June 25, 2019, Plaintiffs filed the operative Second Amended Complaint asserting claims under 42 U.S.C. § 1983 for alleged violations of their due process rights under the Fourteenth Amendment and familial association rights under the First Amendment. ECF No. 43. On September 10, 2019, the Court granted

Defendants County of Benton and the Honorable Jerri Potts' Motion to Dismiss the claims against those defendants as barred by judicial immunity and for lack of proper service. ECF No. 75.

The allegations in the Second Amended Complaint, which the Court must accept as true for purposes of the instant motions to dismiss, arise out of events following Plaintiffs' minor child C.W.'s diagnosis with a serious form of leukemia and enrollment in a clinical study for treatment. ECF No. 43 at 12. When C.W. was required to relocate to Seattle for the clinical study, his mother relocated with him. *Id.* A family friend, John Hudspeth, also came to Seattle to assist as one of C.W.'s caregivers. *Id.* at 13. Although Hudspeth allegedly "planned to be there one or two nights," he stayed with C.W. and Ms. Ward for several months. *Id.* One day when Ms. Ward was away and Hudspeth remained at the hospital with C.W., Plaintiffs assert a nurse gave C.W. an overdose of opioid painkillers. *Id.* When Hudspeth questioned the nurse about the overdose "based [] on the manner in which C.W. was behaving," she allegedly became angry and, to cover up her mistake, falsely reported that Hudspeth had engaged in inappropriate behavior. *Id.*

On June 23, 2014, three days after C.W. was admitted to the hospital with a fever, Defendant Brown, a social worker with Seattle Children's Hospital's suspected child abuse and neglect (SCAN) team, informed Ms. Ward that she was not permitted to take C.W. from the hospital. *Id.* at 14. At some point before this

interaction, Defendant Faucette, an attending physician and head of pediatrics at Seattle Children's Hospital, had reported concerns over Hudspeth's conduct and Defendant Weister, an attending physician and the Medical Director of the SCAN team, decided to begin an investigation. *Id.* Plaintiffs assert Defendant Truscott, a detective with the Seattle Police Department, reviewed an interview in which C.W. indicated Hudspeth had done nothing inappropriate. *Id.* Defendant Truscott then wrote a custody order to take custody of C.W. from Plaintiffs. *Id.* In an interview with Plaintiffs and others on June 25, 2014, Defendants Truscott and Brown allegedly berated Plaintiffs as parents and made false statements about evidence of C.W. having been digitally raped. *Id.* at 14–15.

Throughout their investigations and the subsequent dependency proceeding, Plaintiffs claim Defendants Brown and Truscott engaged in various acts of wrongdoing, including giving false and misleading statements and omitting or refusing to pursue mitigating evidence. *Id.* at 15–16. Defendant Truscott and her partner also allegedly shredded evidence of an interview with Hudspeth. *Id.* at 16. Plaintiffs assert Defendant Weister relied on Defendant Brown's and Defendant Truscott's representations instead of other evidence that reflected Hudspeth did not act inappropriately to C.W. *Id.* at 17. Plaintiff further allege social worker Defendants Deochoa and Sullivan coerced Plaintiffs into signing a Voluntary Placement Agreement by telling them signing the agreement would result in C.W.

being returned to their custody more quickly. *Id.* at 18. A dependency proceeding was begun, but ultimately was dismissed. *Id.* at 19. C.W. was in state custody for eight months in relation to the first dependency proceedings. *Id.* at 15. Plaintiffs represent they left Seattle in February 2015. *Id.* at 2.

In January 2016,[1] a second dependency proceeding commenced in Benton County, Washington. *Id.* at 26–28. Defendant Truscott allegedly learned of these proceedings and contacted the investigators to provide false information. *Id.* at 24. Plaintiffs assert Defendant Weister helped draft the second dependency petition, particularly the final paragraph, which Plaintiffs allege "is indicative of her writing style and sense of cerebral entitlement." *Id.* at 25. Plaintiffs claim Defendant Brown's false and misleading statements were also included in the second dependency proceedings. *Id.* at 15. The second dependency petition was reportedly dismissed on a Motion to Dismiss filed by the prosecuting attorney after C.W. had been in state custody for over five months. *Id.* at 31, 105–123.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6),

---

[1] The Second Amended Complaint is not clear as to exactly when the second dependency petition was filed with a court, but Plaintiffs allege C.W. was removed from their custody on January 27, 2016. *See* ECF No. 43 at 42.

the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is subject to dismissal under Rule 12(b)(6) if it either fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a complaint pleads facts giving rise to a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While a complaint need not contain detailed factual allegations, unadorned accusations of unlawful harm, naked assertions of wrongdoing, labels and conclusions, and formulaic or threadbare recitals of a cause of action's elements, supported only by mere conclusory statements, are not enough. *Id.* The Court may also grant a Rule 12(b)(6) motion where a complaint's allegations, on their face, suffice to establish an affirmative defense. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the

light most favorable to the plaintiff and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in a complaint but may disregard legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

Additionally, in deciding a Rule 12(b)(6) motion, the Court construes a *pro se* complaint liberally and may dismiss it only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). But a liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that the plaintiff did not initially plead. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

## DISCUSSION

Defendants argue that Plaintiffs' claims against the Hospital Defendants and against the Seattle City Defendants are barred by the statute of limitations and fail to state a claim on which relief can be granted. ECF No. 52 at 2; ECF No. 73 at 2. The Hospital Defendants argue the claims against them fail to state a claim on which relief can be granted because there was probable cause for the dependency proceedings and because the prosecutor's independent decision to pursue the dependency petition severed the chain of liability for prosecution. ECF No. 52 at 11–15. The Seattle City Defendants also argue the officer defendants are entitled

to qualified immunity and that Plaintiffs fail to state a claim for municipal liability.[2] ECF No. 73 at 7–13. Plaintiffs responded to the Hospital Defendants' Motion to Dismiss, arguing that the Hospital Defendants' actions continued to cause harm long after Plaintiffs returned from Seattle. ECF No. 64 at 8. Plaintiffs failed to respond to the Seattle City Defendants' Motion to Dismiss. *See* ECF No. 78.

For the reasons that follow, the Court finds that the claims against the Hospital Defendants and Seattle City Defendants are barred by the statute of limitations except the allegations that Defendants Truscott and Weister participated in the 2016 dependency proceedings. However, the Court finds the remaining claims against Defendant Weister fail to state a claim on which relief can be granted and therefore dismisses them as well. The Court does not find that the claims against Defendant Truscott for alleged conduct in 2016 can be dismissed at this time.

### A. Statute of Limitations

The appropriate statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's statute of limitations for tort actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The applicable statute of limitations for Section 1983 claims under Washington law is three years. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 955 P.2d 791, 797 (1998)

---

[2] To the extent Defendants raised arguments not addressed in this Order, it is because those arguments are not necessary to resolve the motions.

(requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply).

"A federal claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (quoting *Norco Constr., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986)). Under Ninth Circuit precedents, "injury" is interpreted with "some flexibility," and a claim accrues "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)

All of Plaintiffs claims against the Hospital Defendants and the Seattle City Defendants are based on events in 2014, with the exception of their claims that Defendant Weister and Defendant Truscott took part in the 2016 investigations. The Second Amended Complaint reflects that Plaintiffs became aware of the allegations and the investigation on June 23, 2014, were then actively involved with the investigation, and were aware of the allegedly false and misleading statements. *See* ECF No. 43 at 13–25. Moreover, although the Second Amended Complaint does not clearly set forth the date on which the first dependency petition was dismissed, Plaintiffs indicate they returned to the Tri-Cities area on or around February 19,

2015, after the first dependency petition was dismissed.[3] *Id.* at 2, 19. Liberally construing the complaint, the latest date on which Plaintiffs' claims may have accrued was in February 28, 2015. *See RK Ventures, Inc.*, 307 F.3d at 1058. Absent tolling, the statute of limitations on these claims ran on February 28, 2018, nearly one year before Plaintiffs filed this action.

Plaintiffs do not argue that they are entitled to any form of tolling. *See* ECF No. 64. Instead, Plaintiffs' sole argument is that the Hospital Defendants' actions "continued to cause harm long after Plaintiffs returned home from Seattle." *Id.* at 8. Plaintiffs essentially argue that the statute of limitations should not begin to run until a party knows the full extent of an injury. This argument is legally incorrect. *See Wallace*, 549 U.S. at 391 ("[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable."). "Were it otherwise, the statute would begin to run

---

[3] The Seattle City Defendants argue the accrual date was July 2, 2014, because this is the date the dependency petition was filed. However, Plaintiffs do not explicitly state this in their Second Amended Complaint and the Seattle City Defendants did not seek judicial notice of this document. On a motion to dismiss, the Court does not consider non-judicially noticeable facts outside of the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court does not need to determine the date the claims accrues with exact precision because it is clear the majority of Plaintiffs' claims against the Hospital Defendants and the Seattle City Defendants are barred.

ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO DISMISS – 11

only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.*

Therefore, Plaintiffs' claims against the Hospital Defendants and the Seattle City Defendants for acts or omissions that occurred before the first dependency petition was dismissed are facially barred by the statute of limitations. This leaves only Plaintiffs' claims arising out of Defendants Truscott and Weister's participation in the 2016 dependency proceedings.

**B.  Defendants Truscott and Weister's Alleged 2016 Misconduct**

The Fourteenth Amendment's substantive due process clause protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). "While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute." *Woodrum v. Woodward County*, 866 F.2d 1121, 1125 (9th Cir. 1989). The interest of the parents must be balanced against the interests of the state in protecting the child. *Id*. The Fourteenth Amendment, then, "guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernadino Co. Dept. of Public Social Services*, 237 F.3d 1101, 1107 (9th Cir. 2001).

The use of judicial deception to obtain an order to remove a child from his or her parent's custody violates the Fourteenth Amendment due process right to

familial association. *Greene v. Camreta*, 588 F.3d 588, 1034–35 (9th Cir. 2009). "To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material" to the removal order. *See KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). A statement is material to the removal order if the juvenile court "would have declined to issue the order had [the defendant] been truthful." *Greene*, 588 F.3d at 1035 (citing *Butler v. Elle*, 281 F.3d 1014, 1026 (9th Cir. 2002)).

### 1. Plaintiffs fail to allege Defendant Weister engaged in a Constitutional violation.

Defendant Weister allegedly became involved in the 2016 proceedings when she helped draft the second Dependency Petition. ECF No. 43 at 25. Plaintiffs do not specifically assert what information Defendant Weister allegedly included in the 2016 except to note that the final paragraph "is indicative of her writing style and sense of cerebral entitlement." *Id.* at 25. From this the Court cannot infer an actionable violation of Plaintiffs' constitutional rights.

Accepting as true the allegation that Defendant Weister participated in drafting the second dependency petition, Plaintiffs have not alleged that Defendant Weister made any false statements or omissions that were included in the petition. *See Moore*, 384 F.3d at 1117. Further, even if there were false statements or omissions related to the events that took place in Seattle, the second dependency

ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO DISMISS – 13

petition was precipitated by events at a Gold's Gym after Plaintiffs returned from Seattle. ECF No. 43 at 25. Thus, there were alternative grounds to order removal and Plaintiffs' allegations are insufficient to establish how Defendant Weister's alleged contributions to the second dependency petition were material.

Similarly, to the extent Plaintiffs assert Defendant Weister conspired to deprive Plaintiffs of their constitutional rights, they have not met the heightened pleading standard for Section 1983 conspiracy claims. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."); *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997) (finding plaintiff had met standard when he pled with particularity "which defendants conspired, how they conspired and how the conspiracy led to a deprivation").

Although the Court construes the Second Amended Complaint in the light most favorable to Plaintiffs and draws all reasonable inferences in their favor, it cannot supply Plaintiffs with essential elements of their claims. *See Ass'n for L.A. Deputy Sheriffs*, 648 F.3d at 991 (9th Cir. 2011). Because Plaintiffs' claims against Defendant Weister do not allege facts showing Defendant Weister "deliberately or recklessly made false statements or omissions that were material" to the order removing C.W. from Plaintiffs' custody, this claim must be dismissed for failure to

state a claim on which relief can be granted. *See Moore*, 384 F.3d at 1117.

### 2. Defendant Truscott is not entitled to qualified immunity based on the facts alleged in the Second Amended Complaint.

Plaintiffs assert Defendant Truscott learned of the investigation in Benton County and contacted the investigators there to provide false information. *Id.* at 24. Defendant Truscott allegedly provided Defendant Jansen, a City of Richland detective, with "the same misleading and false statements that were disproven in the first petition." *Id.* at 24. Plaintiffs assert Defendant Truscott provided her notes and other information about the case to investigators in 2016, including her notes from an interview with C.W. that the King County Prosecuting Attorney "did not recognize [] as material" because the interview was obtained as the result of "coercion and deception." *Id.* at 24. Defendant Truscott argues she is entitled to qualified immunity on these claims. ECF No. 74 at 7.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not available in claims involving judicial deception because the right to be free from judicial deception in securing a removal order and during a protective custody proceeding is clearly

established. *Greene*, 588 F.3d at 1034 ("[Plaintiff's] right to be free from judicial deception in securing [a] removal order was clearly established at the time of [defendant's] alleged misrepresentations to the court.").

Thus, Defendant Truscott is not entitled to qualified immunity for claims based on her false misrepresentations in 2016 because the right to be free from judicial deception in securing a removal order was clearly established at the time of Defendant Truscott's alleged misrepresentations to investigators. *See Greene*, 588 F.3d at 1034. Plaintiffs' claims against Defendant Truscott relating to events in 2016 are not barred by the statute of limitations and, based on the facts alleged in the complaint, Defendant Truscott is not entitled to qualified immunity on these claims. The Seattle City Defendant's motion to dismiss is therefore denied as to claims against Defendant Truscott for false representations made in 2016.

### 3. Plaintiffs have not stated a *Monell* claim related to Defendant Truscott's alleged 2016 conduct.

A municipality cannot be held liable under Section 1983 solely as a supervisor. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, a municipality is responsible for its officials' unconstitutional conduct under Section 1983 only if the conduct was caused by a municipal policy, practice, or custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

Plaintiffs' claims against the City of Seattle, when narrowed to Defendant

Truscott's alleged 2016 actions, relate to the City of Seattle's alleged failure to train officers to not make false representations in reports that will be presented to other agencies and the courts. *See* ECF No. 43 at 72–74. The failure to train inquiry in the Ninth Circuit is a three part test wherein the plaintiff must show (1) the existing training program is inadequate; (2) the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need, and (3) the deliberate indifference was the cause of the constitutional deprivation at issue. *See Merritt v. Cty. of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Plaintiffs assert the Seattle Police Defendants[4] were aware of complaints filed against officers for deception. ECF No. 43 at 73. Plaintiffs also assert the Seattle Police Defendants failed to train their agents and officers in the following: (1) that officers must disclose exculpatory evidence that will be presented to the court, (2) that officers must be honest when reporting evidence that will be presented to

---

[4] The Seattle City Defendants correctly note that the Seattle Police Department is not a legal entity capable of being sued and should therefore be dismissed. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983). However, the proper defendant, the City of Seattle, was also named as a Defendant in this action and the Court understands Plaintiffs' claims as against the City of Seattle.

ORDER GRANTING HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART SEATTLE CITY DEFENDANTS' MOTION TO DISMISS – 17

the court, (3) that an officer cannot lie or include false statements in documents that will be presented to the court, (4) that officers must disclose exculpatory evidence that will be relied on by other government agencies, and (5) that an officer cannot lie or include false statements in documents that will be relied on by other government agencies. *Id.* at 74. Taking these allegations as true, Plaintiffs have stated a *Monell* claim for relief against the City of Seattle for failure to train on the issue of false representations and the motion to dismiss is denied as to this claim.

## CONCLUSION

The Hospital Defendants' motion to dismiss, ECF No. 52, is granted in its entirety and the Seattle City Defendants' motion to dismiss, ECF No. 72, is granted in part and denied in part. Claims based on events that occurred in 2014 are barred by the statute of limitations. Claims against Defendant Weister for conduct in 2016 fail to state a claim on which relief can be granted. The Court dismisses these claims with prejudice because it appears beyond doubt that Plaintiffs can prove no set of facts entitling them to damages or injunctive relief against the Hospital Defendants or the Seattle City Defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). Allowing Plaintiffs a third opportunity to amend the complaint would be futile. *See McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996).

However, Plaintiffs have stated a claim on which relief can be granted based on Defendant Truscott's alleged 2016 conduct and on the City of Seattle's alleged

failure to train as to false representations in relation to Defendant Truscott's alleged 2016 conduct. The Seattle City Defendant's motion to dismiss is therefore denied as to Plaintiffs' claims against Defendant Truscott for false representations made in 2016 and Plaintiffs' ninth claim as against the City of Seattle.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Hospital Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint of Defendants Seattle Children's Hospital, Ana Brown, Eric Chow, M.D., Kelly Faucette, M.D., and Rebecca Weister, M.D., **ECF No. 52**, is **GRANTED**.

2. Defendants' City of Seattle, Seattle Police Department, Leslie Smith and Lauren Truscott's 12(b)(6) Motion to Dismiss, **ECF No. 73**, is **GRANTED IN PART** as described above.

3. Plaintiffs' claims against Defendants Seattle Children's Hospital, Ana Brown, Eric Chow, M.D., Kelly Faucette, M.D., Rebecca Weister, M.D., the Seattle Police Department, and Leslie Smith are **DISMISSED WITH PREJUDICE**, with all parties to bear their own fees, costs, and expenses.

4. Plaintiffs' claims against Lauren Truscott for conduct that occurred in 2014 are **DISMISSED WITH PREJUDICE**.

5. Plaintiffs' claims against the City of Seattle, except for Plaintiffs'

Tenth Claim for failure to train in relation to Lauren Truscott's alleged 2016 conduct, are **DISMISSED WITH PREJUDICE**.

6. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Defendants Seattle Children's Hospital, Ana Brown, Eric Chow, M.D., Kelly Faucette, M.D., Rebecca Weister, M.D., the City of Seattle, the Seattle Police Department, and Leslie Smith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* plaintiffs.

**DATED** this 6th day of March 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge